UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TIMOTHY A. VAIL,

        Plaintiff,
                 9:12-CV-1245
v.                    (GTS/RFT)

AMBER LASHWAY, Nurse Practitioner,
Clinton Corr. Facility; VONDA JOHNSON,
M.D., Facility Health Servs. Dir., Clinton Corr.
Facility; and DR. MARCO BERARD, M.D.,
Surgeon Alice Hyde Med. Ctr.,

        Defendants.
_____

APPEARANCES:               OF COUNSEL:

TIMOTHY A. VAIL, 89-C-1513
 Plaintiff, *Pro Se*
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, New York 12589

HON. ERIC T. SCHNEIDERMAN       GREGORY J. RODRIQUEZ, ESQ.
Attorney General for the State of New York   Assistant Attorney General
 Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

   Currently before the Court, in this *pro se* prisoner civil rights action filed by Timothy A. Vail ("Plaintiff") against the three above-captioned Defendants, are Defendants' motion for summary judgment and United States Magistrate Judge Randolph F. Treece's Report-Recommendation recommending that Defendants' motion be granted and that Plaintiff's Complaint be dismissed. (Dkt. Nos. 37, 43, 51.) Plaintiff has not filed an Objection to the

Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) For the reasons set forth below, the Report-Recommendation is adopted in its entirety, Defendants' motion is granted, and Plaintiff's Complaint is dismissed.

Generally, in his Report-Recommendation, Magistrate Judge Treece rendered the following conclusions: (1) Plaintiff has failed to establish an Eighth Amendment medical-indifference claim against (a) Defendants Lashway, Johnson, and Berard for failing to administer pain medication, (b) Defendants Lashway and Johnson for failing to address Plaintiff's withdrawal symptoms after his Ultram prescription was discontinued, (c) Defendants Lashway and Johnson for failing to properly and timely treat Plaintiff's dislocated shoulder and knee injury, (d) Defendant Berard for failing to timely treat Plaintiff's shoulder injury, and (e) Defendants Lashway, Johnson and Berard with respect to a "handful" of missed appointments during Plaintiff's treatment period; (2) Plaintiff has failed to establish a First Amendment retaliation claim alleging that Defendants conspired to deny him medical care as a result of Plaintiff's filing grievances concerning his medical treatment; and (3) Plaintiff has failed to establish a supervisory-liability claim against Defendant Johnson with regard to any constitutional violations (allegedly) committed by Defendants Lashway and/or Berard. (Dkt. No. 51, at Parts II.B. to II.D.) Familiarity with the factual findings supporting these conclusions is assumed in this Decision and Order, which is intended primarily for review by the parties.

Where, as here, *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL

453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After carefully reviewing the relevant filings in this action, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Treece employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein. (Dkt. No. 51.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Treece's Report-Recommendation (Dkt. No. 51) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: September 15, 2014
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge